### No. 280
### BOSWELL v. N. O. T. & L. CO.
Ohio Court of Appeals, Summit County
No. 596. Jan. 2, 1923

NEGLIGENCE—(1) Objection to incompetent question rightfully sustained—(2) Verdict not manifestly against weight of evidence will not be distubed—(3) Claim of misconduct of lower court found unjustified—(4) Unduly long charge by jury not necessarily prejudicial.

PARDEE, J.

#### Epitomized Opinion
Error to Summit Court of Common Pleas

Boswell, while driving his automobile in Canton, collided with a car belonging to the Traction Company and suffered damages as a result of the collision. He alleged negligence on the part of the Traction Company, while it claimed that the accident was the result either of contributory negligence or the sole negligence of Boswell. Judgment for the Traction Company in the lower court, and Boswell prosecutes error to this court. Held by Court of Appeals in affirming judgment for the Tractions Company.

1. A question, asked the motorman of a street car, whether he knew that a certain corner was a dangerous one, would not aid the jury in determining which party was negligent, and the question was incompetent.

2. A verdict not manifestly against the weight of the evidence will not be disturbed.

3. A claim that the trial judge indicated to the jury what he thought the verdict should be, was found to have no basis.

4. Although a charge is unduly long, and contains some repetitions, as well as unnecessary matter, it is not necessarily prejudicial and is not incompatible with a fair and impartial trial.

Attorneys—Carl H. Myers and C. C. McCarment, for Boswell; Mather, Nesbitt & Willkin, for Traction Co.

---

### No. 281
### GOLNER v. WOOD
Ohio Court of Appeals, Lucas County
No. 88092. March 19, 1923

ERROR—(1) Verdict against the weight of evidence. WARRANTIES—Recission of sale and return of goods.

RICHARDS, J.

#### Epitomized Opinion
This was an action for fraudulent misrepresentation and breach of warranty. In 1920 Wood purchased from Golner three trucks at the agreed price of $4,000 each. After Wood had used the trucks for a while, he found that they were defective and that it was necessary to continually make extensive repairs. Although Wood knew of this condition he did not immediately rescind the sale and return the trucks, but kept them over a period of several months, replying on Golner's repeated promises to put the trucks in good condition. At the time of the discovery of the defects, the buyer had made many payments on the trucks. Finally Wood returned the trucks and sued for fraudulent misrepresentation and breach of warranty. The buyer claimed that Golner had warranted the trucks to be all rigth, but Golner testified that no such warranty was made. The jury found for Wood to the extent of $4,120. Golner prosecuted error, claiming that the verdict of the jury was against the weight of evidence, and that Wood waived his right to return the trucks by his delay. Held:

1. As the parties are in direct conflict as to what occurred at the time of the return of the trucks, as well as at the time of the making of the sale, this court cannot say that the verdict is manifestly against the weight of evidence.

2. Inasmuch as Wood's delay was caused by the seller's repeated promises, the buyer did not lose his right to rescind the contract and return the trucks.

Attorneys—Stahl and Price, for Golner; Steele and Sayles, for Wood.

---

### No. 282
### GOLNER v. LAWRENCE
Ohio Court of Appeals, Lucas County
No. 58205. March 19, 1923

EVIDENCE—(1) Admissibility of oral evidence to contradict terms of written instrument.
(Sayre, Middleton and Mauck, JJ. Fourth District, Sitting)

CHITTENDEN, J.

#### Epitomized Opinion
Lawerence brought an action to recover $697, which he claimed was due him as commissions earned in the sale of automobiles for the defendant. Defendant filed a general denial and the jury returned a verdict for the plaintiff. The defendant introduced in evidence a written settlement or release signed by Lawrence. The latter attempted to explain this incident by showing that it did not in fact cover commissions upon the sale of three trucks, although the settlement specifically referred to both pleasure cars and trucks. This evidence was objected to by the defendant, but the objection was overruled. The plaintiff prosecuted error, claiming that the admission of such evidence was prejudicial error. In reversing the judgment, the court held:

1. It is prejudicial error to admit oral evidence to vary or contradict the terms of a written instrument.

Attorneys—Garrison & Phillips, for Golner; Steele and Sayles, for Lawrence.